IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ROBERT A. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:10cv1330 (JCC/JFA) |
| | ) |
| EQUAL EMPLOYMENT OPPORTUNITY | ) |
| COMMISSION, *et al.*, | ) |
| | ) |
| Respondents. | ) |

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Respondents' Motion to Dismiss [Dkt. 6] and Petitioner's "Motion for Summary Disposition" [Dkt. 12]. For the following reasons, the Court will grant Respondents' motion and deny Petitioner's motion.

### I. Background

This case arises out of the dismissal of an equal employment opportunity ("EEO") complaint filed by *pro se* Petitioner Robert Johnson ("Petitioner" or "Johnson"), which alleged racial discrimination in the course of Johnson's employment at the United States Air Force. Respondents are the Equal Employment Opportunity Commission ("EEOC") and the United States Air Force (collectively, the "Respondents").

Johnson was previously employed by the Air Force as a sales clerk in its Gear Up sporting goods store at Ramstein Air

1

Base in Germany.  (Memorandum in Support of Motion to Dismiss [Dkt. 7] ("Mem.") at 2.)  In June 2006, Johnson's coworker, Reynolds Hill, allegedly referred to Johnson in a racially pejorative manner.  (*Id.*)  Hill subsequently became Johnson's supervisor and, in December 2006, issued a notice of termination to Johnson based on his failure to follow written instructions and insubordination.  (*Id.*)  Johnson filed a grievance concerning the notice, and the notice was rescinded.  (*Id.*)

Johnson, however, remained unsatisfied as the Air Force failed to address his renewed concerns regarding the June 2006 incident.  (*Id.*)  He thus continued to pursue relief through the EEO process.  (*Id.*)  A final agency decision was reached and Johnson's complaint was dismissed on the grounds that Johnson failed to prove he was subject to discrimination.  (*Id.*)

Johnson then filed an appeal with the EEOC Office of Federal Operations ("OFO"), which affirmed the dismissal of Johnson's complaint.  (*Id.*)  The OFO held that (1) the Administrative Judge properly dismissed the complaint from the hearing process based on Johnson's failure to respond to discovery requests; (2) the agency properly dismissed Johnson's claim concerning the racially pejorative reference on timeliness grounds; and (3) the agency articulated reasonable, non-discriminatory reasons for terminating Johnson's employment.

*See Johnson v. Donley*, Appeal No. 0120090115, 2010 WL 1936946, at *3-4 (E.E.O.C. May 6, 2010).  The OFO instructed Johnson that he had the right to file a civil action in an appropriate federal district court within ninety days from the date he received the decision.  *Id.* at *5.

Instead of filing a complaint in federal district court, Johnson, proceeding *pro se*, filed a one-page petition for review in the District of Columbia Circuit Court of Appeals on August 2, 2010.  [Dkt. 1.]  The Court of Appeals subsequently transferred the petition to this Court.  After Johnson failed to take action, on June 30, 2011 this Court issued an Order to Show Cause as to why this case should not be dismissed for failure to file a complaint.  [Dkt. 2.]  Johnson submitted a response on July 21, 2011.  [Dkt. 3.]  On October 3, 2011, Respondents filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  [Dkt. 6.]  Rather than responding to the Motion to Dismiss, Johnson filed a "Motion for Summary Disposition" on October 18, 2011.  [Dkt. 12.]  Respondents submitted a reply in further support of their Motion to Dismiss on October 18, 2011.  [Dkt. 13.]  The respective motions of Petitioner and Respondents are before the Court.

## II.  Standard of Review

### A.  Motion to Dismiss

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A court may dismiss claims based upon dispositive issues of law.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  The alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Id.*

In deciding a 12(b)(6) motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)(citation omitted).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting

4

*Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 129 S.Ct. at 1949-50.

    B.   *Pro Se* Plaintiff

The Court construes the *pro se* filings in this case more liberally than those drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief."  *Thompson v. Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. Sept. 15, 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).  Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to

5

conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

### III. Analysis

In the Order to Show Cause issued June 30, 2011, this Court instructed Petitioner to explain why this case should not be dismissed for failure to file a complaint. In response, Petitioner does not attempt to justify his prior inaction nor does he ask for leave to file a complaint. Rather, he launches into an attack of the manner in which EEOC processed his complaint. Respondents point out that Petitioner's response is written in brief format and bears little resemblance to a complaint. *See* Fed. R. Civ. P. 8(a). The document does not set forth causes of action nor does it demand relief aside from judicial review of the EEOC's decision.[1]

Petitioner has also filed a "Motion for Summary Disposition," which he requests the Court to consider in conjunction with his response to the Order to Show Cause. In this filing, Petitioner does not challenge the manner in which

---

[1] In any event, even were the Court to liberally construe the response as a complaint, the Court notes that Petitioner has failed to state a cognizable claim. *See Terry v. Dir., Complaint Adjudication Div., U.S. E.E.O.C., Office of Fed. Operations*, 21 F. Supp. 2d 566, 569 (E.D. Va. 1998) ("Courts have uniformly held that no cause of action exists with respect to the EEOC's handling of discrimination claims because Congress has given plaintiffs a right to file a *de novo* lawsuit against the allegedly discriminating employer.") (citing cases), *aff'd* 173 F.3d 425 (4th Cir. 1999).

the EEOC processed his claims, but rather describes the allegations underlying his discrimination claim and asks the Court to return judgment in his favor. Although its contents come closer to what would be needed to formulate a complaint, the document is still written in brief format. Rather than making a short and plain statement showing that Petitioner is entitled to relief, Petitioner seeks judgment as a matter of law – without ever having filed a complaint.

The Court cannot act as Petitioner's advocate and develop claims that have not been clearly raised on the face of a *complaint*. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978); *see also Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) (a court may not rewrite a *pro se* plaintiff's pleading to include claims that were never presented). Because Petitioner has neither filed a complaint nor offered justification for his failure to do so, the Court grants Respondents' Motion to Dismiss. Petitioner has been instructed multiple times of the need to file a complaint - first in the OFO's decision, then by this Court in its Order to Show Cause, and finally by Respondents themselves in the memorandum supporting their Motion to Dismiss. Given Petitioner's repeated failure to heed these instructions, the Court dismisses this action with prejudice.

## **IV. Conclusion**

For these reasons, the Court will grant Respondents' Motion to Dismiss and deny Petitioner's Motion for Summary Disposition.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| November 7, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |